# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0631** (Tyler County 15-MAP-2)

**Cynthia Post,**
**Defendant Below, Petitioner**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Cynthia Post, by counsel John E. Gainer, appeals the Circuit Court of Tyler County's July 10, 2016, order affirming petitioner's conviction for driving under the influence of a controlled substance with a minor in the vehicle and driving left of center. The State of West Virginia, by counsel Gordon L. Mowen, II, filed its response in support of the circuit court's order. On appeal, petitioner argues that there was insufficient evidence to support a finding of guilt beyond a reasonable doubt.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, petitioner was arrested for driving under the influence of a controlled substance with a minor in the vehicle and driving left of center. The criminal complaint alleged that Patrolman Mason Rine observed petitioner almost striking an oncoming vehicle while driving left of center. After Ptlm. Rine initiated a traffic stop on petitioner's vehicle, he noticed that petitioner had glassy eyes and slurred speech. Petitioner admitted that she had taken prescription Subutex prior to driving. Thereafter, Ptlm. Rine conducted a series of field sobriety tests that petitioner failed. A preliminary breath tested revealed that petitioner had a blood alcohol content of 0.00%. Ptlm. Rine placed petitioner under arrest and transported her to Sistersville General Hospital for a blood draw. Hospital personnel were unable to successfully draw blood from petitioner. Ptlm. Rine issued petitioner a citation and released her under her sister's supervision.

In December of 2015, petitioner appeared before the Magistrate Court of Tyler County. Following a bench trial, petitioner was found guilty of driving under the influence with an

1

unemancipated minor in the vehicle.[1] Thereafter, petitioner filed a notice of intent to appeal in circuit court.

In May of 2016, the circuit court held a bench trial during which it heard testimony from Ptlm. Rine and petitioner. According to Ptlm. Rine, he observed petitioner almost strike another vehicle head-on while driving left of center. As a result, Ptlm Rine conducted a traffic stop and observed that petitioner was emotional, had glassy eyes, and slurred speech. Ptlm. Rine also explained that petitioner failed the horizontal gaze nystagmus, walk-and-turn, and one-legged stand tests. However, the preliminary breath test indicated that her blood alcohol content was 0.00%. After voluntarily consenting to a blood test, Ptlm. Rine transported petitioner to the Sistersville General Hospital where medical professionals were unable to collect petitioner's blood. Subsequently, Ptlm. Rine wrote petitioner a citation for driving under the influence and driving left of center and released petitioner to her sister's custody.

While petitioner admitted that she consumed Subutex prior to operating a motor vehicle, she indicated she has taken Subutex for approximately one year and that it does not cause her any physical problems. However, she concedes that dizziness is a known side effect of taking Subutex. Petitioner also acknowledged that she drove left of center. According to petitioner, she attributes her slurred speech to being "an emotional wreck." Similarly, petitioner contends that she failed the one-legged stand test because she was "a nervous wreck" and was "very emotionally and physically . . . exhausted." After considering the testimony and the parties' arguments, the circuit court affirmed the Magistrate Court's conviction. By order entered on July 10, 2016, the circuit court reimposed the magistrate court's sentence of incarceration of seventy-two hours and a fine of $200 for her conviction of driving under the influence of a controlled substance with a minor in the vehicle. The circuit court also reimposed the magistrate court's fine of $20 for driving left of center. This appeal followed.

Petitioner's sole argument on appeal is that there was insufficient evidence to sustain her conviction for driving under the influence of a controlled substance with an unemancipated minor in the vehicle. We disagree.

In considering petitioner's appeal, we apply the following standard of review:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We will review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard; questions of law are subject to a *de novo* review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). Furthermore, this Court has held that

---

[1]The record on appeal is devoid of the magistrate court's conviction order. However, petitioner was also found guilty of driving left of center.

The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

During petitioner's bench trial, the circuit court heard testimony from Ptlm. Rine and petitioner regarding the underlying events, including petitioner's reasoning as to why she failed the field sobriety tests. We have long held that credibility determinations made following a bench trial are entitled to great deference. *See State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses . . . as that is the exclusive function and task of the trier of fact."). West Virginia Code § 17C-5-2(k) provides that an individual is guilty of driving under the influence of a controlled substance when she drives "a vehicle in this state while . . . she is in an impaired state[.]" An "'impaired state' means a person is under the influence of any controlled substance." W.Va. Code § 17C-5-2-(a). Here, the circuit court heard testimony that petitioner admitted to taking prescription Subutex prior to operating a motor vehicle, and that dizziness is a side effect of the medication. Furthermore, it is undisputed that petitioner failed the horizontal gaze nystagmus, walk-and-turn, and one-legged stand tests. Having reviewed the record on appeal, the parties' arguments, and pertinent authority, we find that the circuit court properly exercised its function in weighing the evidence and rendering a finding that the evidence presented before it supported the finding that petitioner was guilty of driving under the influence of a controlled substance with an unemancipated minor in the vehicle. Therefore, we find no merit to petitioner's appeal.

For the foregoing reasons, we find no error in the circuit court's July 10, 2016, order and we hereby affirm the same.

Affirmed.

**ISSUED**: April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker